UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| RAYMOND WILLIS, JR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLEN O'BERRY, MR. ODELL, ) <br> OFFICER N. SMALLS, and OFFICER ) <br> BARGERON, ) <br> ) <br> Defendants. ) | Case No. CV410-050 |

## REPORT AND RECOMMENDATION

Before the Court is inmate-plaintiff Raymond Willis, Jr.'s 42 U.S.C. § 1983 civil rights complaint. (Doc. 1.) The Court granted Willis leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject

to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Willis complains that he has been falsely charged with sexual battery against a fellow inmate at the Chatham County Detention Center. (Doc. 1 at 5.) His rather rambling complaint appears to allege that he and another inmate made up the sexual battery story and reported it to Internal Affairs Officer O'Berry in order to get transferred to another unit. (*Id.* at 6.) Now, he has been placed "in the hole," is facing criminal charges, and has been teased by other inmates and Officers Smalls and Bargeron. (*Id.*) As relief, he asks "to be paid for [his] dammage [sic]", have his probation record cleared and the pending

charge dismissed, and he wants all of the involved officers to be "demoted or fired." (*Id.* at 7.)

At the outset, the Court notes that since the filing of this case, Willis has pled guilty to the criminal charges and has been sentenced to serve five months' imprisonment. (*See* Attach. 1 (case details sheet).) Hence, his request for the Court to dismiss the pending charges is now moot, and his claim for damages, to the extent that he challenges the legality of his conviction, also fails since a § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, *Heck* held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Moreover, the Court does not have the authority to intervene in the sheriff's administrative decisions, so it cannot order that the officers involved be demoted or fired. Nor does it have the authority to generally clear Willis's probation record.

As to any remaining claims for damages, Willis fails to state any viable claim for relief. While he states that officers and inmates, including defendants N. Smalls and Bargeron, have teased him, verbal taunts simply do not rise to the level of a constitutional deprivation. *E.g., Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989); *cf. Sepulveda v. Burnside*, 170 F. App'x 119, 124 (applying the same reasoning in a *Bivens* suit). Moreover, he could not collect any damages for such a claim in any event. The PLRA requires a showing of actual physical injury before a prisoner can recover for mental or emotional injuries suffered while in custody. 42 U.S.C. § 1997e(e). Willis has not pled that.

Plaintiff's solitary confinement claim also fails. Prison inmates can advance a liberty interest concerning a condition of confinement only if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Thus, "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id.* at 485. Willis has alleged nothing exceeding the *Sandin* limits here. *See Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding that no liberty interest existed when plaintiff was kept in administrative confinement for two months pending the resolution of criminal charges arising from an altercation with a corrections officer); *see also Al-Amin v. Donald*, 165 F. App'x 733, 738-39 (11th Cir. 2006) (inmate's confinement in administrative segregation for years implicated no liberty interest because conditions of segregation were basically equivalent to those of the general population).[1]

---

[1] More fundamentally, Willis has not even mentioned defendant Odell in his factual recitation. While pro se pleadings are held to a less stringent standard than pleadings drafted by an attorney, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

For all of the reasons explained above, Willis's complaint should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this   22nd   day of June, 2010.

*/s/ JM Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Willis has not met that burden as to defendant Odell.